# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                                              **PLAINTIFF**

v.                           **Case No. 4:19-CR-00273-01-LPR**

**ANDREW MARTIN HILTON**                                                                  **DEFENDANT**

## ORDER

Defendant's Motion to Reduce Sentence (Doc. 91) is DENIED.

Defendant asserts that he is entitled to a sentence reduction based on guideline Amendment 821's retroactive changes to "status points." Amendment 821 does not apply to his case because he did not receive "status points." Additionally, he was sentenced as a career offender, which means his guideline range remains VI.[1]

Finally, Defendant's plea agreement provides that he "waives the right to have these sentence modified pursuant to Title 18, United States Code, Section 3582(c)(2) . . . ."[2] Because Defendant knowingly and voluntarily entered into his plea agreement, including this waiver, he is not entitled to relief.[3]

IT IS SO ORDERED this 29th day of November, 2023.

                                                                                            LEE P. RUDOFSKY
                                                                                            UNITED STATES DISTRICT JUDGE

---

[1] *See* U.S.S.G 1.10 (a)(2) ("Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if— . . . an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.").

[2] Doc. 80.

[3] *United States v. Cowan*, 781 F. App'x 571 (8th Cir. 2019) (affirming dismissal of a § 3582 (c)(2) motion when the record establish that the defendant knowingly and voluntarily entered the plea agreement).